```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

          - against -                    MEMORANDUM AND ORDER

COREY HARRISON,                          14 Cr. 167 (NRB)

               Defendant.

-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Corey Harrison pled guilty to conspiracy to possess and distribute narcotics under 18 U.S.C. § 846 and to using a firearm and murder in the course of a drug conspiracy under 18 U.S.C. § 924.  ECF No. 112.  The Court imposed a sentence of nine years' imprisonment, later amended to six years, seven months, and three days in prison to account for defendant's time served in custody prior to sentencing.  On February 1, 2021, the Court received defendant's motion for compassionate release.  For the following reasons, defendant's motion is denied.

Defendant moves for compassionate release, which we construe as a request under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  As this motion is brought pro se, it should "be construed liberally to raise the strongest arguments [it] suggest[s]."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir. 2006).  However, defendant still bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

    The Court cannot grant defendant the relief he seeks because he has not fully exhausted his administrative remedies to pursue a reduction of his sentence.  Defendant, in his letter to the Court, gives no indication that he has endeavored to exhaust his administrative remedies by making an application to the Bureau of Prisons as required under § 3582(c)(1)(A).  This exhaustion requirement serves an essential function.  It allows the Bureau of Prisons in the first instance to evaluate an inmate's circumstances

and affords an opportunity to address the inmate's concerns.  Even if a request is denied, that denial often provides useful context to the Court in determining the merits of an appealing defendant's request for relief.  See United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020) ("Preventing prisoners from charging straight to federal court serves important purposes.  It ensures that the prison administrators . . . can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist.").

Moreover, the Court simply cannot ignore this deficiency in defendant's application.  Section 3582(c) is clear that a court may not modify a term of imprisonment except where the defendant has exhausted his administrative remedies, and, consistent with the plain language of the statute, this Court has determined that a motion for sentence reduction must be denied where the defendant has failed to meet this requirement.  See, e.g., United States v. Patterson, No. 06 Cr. 80-6 (NRB), 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020); United States v. Pereyra-Polanco, No. 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020).

Even were we able to consider defendant's motion, he has not established "extraordinary and compelling reasons" that warrant a reduction to his sentence.  Defendant's letter asserts that

defendant takes medication for blood pressure and for his "diabetic issue," and he is therefore at heightened risk of severe illness from Covid-19.  However, defendant's latest medical records – provided by the Government – indicate that he is not hypertensive and do not show that defendant has or has been treated for diabetes.  The records going back for the last four years further indicate that defendant receives regular care and treatment for his health issues.  Cf. United States v. Danilovich, No. 12 Cr. 171-02, 2020 WL 3642246, at *1 (S.D.N.Y. July 6, 2020) (finding no "extraordinary and compelling reasons" warranting release where defendant suffered from obesity, hypertension and prediabetes for which he received treatment); United States v. Gamble, No. 3:18 Cr. 0022-4, 2020 WL 1955338, at *4 (D. Conn. Apr. 23, 2020) (rejecting defendant's argument of "extraordinary and compelling" circumstances where defendant's diabetes was controlled by medication).  Further, while defendant's facility appears to have had significant outbreaks of Covid-19 in past months, at present, the Bureau of Prisons currently reports only one confirmed active Covid-19 case among the inmate population residing there. Moreover, their website indicates that approximately ten percent of inmates have been fully inoculated to date.[1]  These

---

[1] COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed March 23, 2021).

circumstances significantly undermine defendant's suggestion that he is at an unjustifiably high risk of contracting Covid-19 while imprisoned.

Even were we to assume that defendant satisfied his burden under Section 3582(c)(1)(A)(i), which he has not, the application of the factors set forth in 18 U.S.C. § 3553(a) would strongly counsel against release.[2] Those factors include "the nature and circumstances of the offense," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(A). As discussed above, defendant pled guilty to murder in connection with a drug conspiracy. Defendant was credited with providing substantial cooperation to the Government, but as we noted at sentencing, "[t]his cooperation must . . . be balanced against the lengthy and disturbing history of a willingness to utilize extreme violence without any justification." Sentencing Tr. (Aug. 24, 2016) 16:23-25. Defendant's sentence is a result of that careful balancing,

---

[2] "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743-07, 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

and given the violent nature of defendant's crimes, the Court finds no reason to alter that balance today.

For the foregoing reasons, defendant's motion is denied.

**SO ORDERED.**

Dated:    New York, New York
          March 24, 2020

```
                              _____
                              NAOMI REICE BUCHWALD
                              UNITED STATES DISTRICT JUDGE
```